1  RAFFI A. NAHABEDIAN, ESQ.
   NEVADA BAR NO. 009347
2  LAW OFFICES OF RAFFI A. NAHABEDIAN
   7408 DOE AVENUE
3  LAS VEGAS, NEVADA 89117
   TELEPHONE: (702) 379-9995
4  FACSIMILE: (702) 222-1496
   E-MAIL: NAHABEDIANLAW@EARTHLINK.NET
5  *Attorneys for Plaintiff Kelley Jones*

6

7                    **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9  KELLEY JONES, an individual,          Case No: 2:11-cv-01893-JCM-PAL

10                  Plaintiff,

11 vs.

12 TODD ENGLISH, an individual; SIMON     **STIPULATED PROTECTIVE ORDER**
   TODD, LLC, a Delaware limited liability
13 company d/b/a Todd English P.U.B.; TODD
   ENGLISH ENTERPRISES, LLC, a Florida
14 limited liability company; DOES I through X;
   and ROE corporations I through X,
15
16                  Defendants.

17        IT IS STIPULATED AND AGREED by and among the parties, acting through their counsel,
18 as follows:

19        1.      The parties anticipate that they may be required to produce documents, information,

20 or evidence that relates to non-public financial or business information that a party alleges is

21 proprietary or confidential.  This stipulated Order is designed to protect such information from

22 public disclosure.

23        2.      Any party or non-party from whom discovery has been sought (the "Producing

24 Party") may designate as "Confidential" any document, testimony or other discovery material.

25 "Confidential" as used herein shall refer to any so designated document, testimony or other

26 discovery material and all copies thereof, and shall also refer to the information contained therein.

27 "Confidential," as used herein shall mean any material which, in the Producing Party's judgment,

28

contains proprietary or sensitive business information.  Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

3.      Material shall be designated as "Confidential" by placing or affixing a "CONFIDENTIAL" notice on such material.  Any such notice which is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript.  Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4.      Unless and until the Court rules that discovery designated as "Confidential" shall not be treated as "Confidential," persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

(a)      Named Parties;

(b)      Attorneys for Named Parties;

(c)      Persons employed by or working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(d)      Independent experts or consultants retained by a Party or an attorney of record for purposes of this litigation, as well as any employees, associates or independent contractors retained by those experts or consultant in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

(e)      Deponents;

(f)      Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(g)      The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, subject to the protections of any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

5.      Any Producing Party may designate as "Confidential - Attorneys' Eyes Only" any document or other discovery material concerning customer lists, customer information, information related to bidding, calculations, pricing information, or other similar proprietary business and financial information the disclosure of which could harm the Producing Party's business interests. "Confidential - Attorneys' Eyes Only" as used herein shall refer to any so designated document or other discovery material and all copies thereof, and shall also refer to the information contained therein.  Material designated as "Confidential - Attorneys' Eyes Only" shall be treated as such unless the Court orders otherwise.

6.      Material shall be designated as "Confidential - Attorneys' Eyes Only" by placing or affixing on such material a "CONFIDENTIAL - ATTORNEYS' EYES ONLY" notice.  Any such notice which is inadvertently omitted during document production may be corrected by prompt written notification to all counsel of record.  Deposition or hearing testimony may be designated as "Confidential – Attorneys' Eyes Only" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript.  Exhibits which are deemed "Confidential – Attorneys' Eyes Only" shall be so designated by stamping the exhibit accordingly.

7.      Unless and until the Court rules that discovery designated as "Confidential – Attorneys' Eyes Only" shall not be treated as "Confidential – Attorneys' Eyes Only," persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

(a)      Attorneys for Named Parties;

(b)      Persons employed by or working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

(c)      Independent experts or consultants retained by a Party or an attorney of record for purposes of this litigation, to the extent necessary to perform specific duties in connection with this action;

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

(d)     Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

(e)     The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, subject to the protections of any order the Court subsequently enters to preserve the confidentiality of documents used at trial.

8.     Prior to dissemination of documents or the contents thereof designated "Confidential" or "Confidential – Attorneys' Eyes Only" to a person described in paragraphs 4(a)-(f) and 7(a)-(e) that person shall:

(a)     Be advised by counsel making such dissemination of the terms of this Stipulation and Protective Order;

(b)     Read this Stipulation and Protective Order; and

(c)     Sign a copy of the Confidentiality Agreement attached hereto as "Appendix A," thereby becoming subject to this Stipulation and Protective Order.

Counsel for the party disseminating the information shall keep the original of each executed certificate.   A party may request the production of a signed Confidentiality Agreement upon a showing of good cause.   If the other party does not agree to produce a copy of the Confidentiality Agreement, the requesting party may file a motion with the court seeking production of the Confidentiality Agreement.

9.     All "Confidential" material and "Confidential - Attorneys' Eyes Only" material shall be used solely for the prosecution or defense of the claims being litigated in this case, and for no other purpose.   Such information and documents, or the contents thereof, shall not be disclosed to anyone to whom access to such documents in not permitted under the terms herein.

10.     All "Confidential" material and "Confidential - Attorneys' Eyes Only" material shall be stored under the direct control of counsel for the parties, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702) 873-4100 • FAX (702) 873-9966

11.     Each Party is to make good faith efforts to avoid, unless necessary, the inclusion of documents or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents or information as "Confidential" or "Confidential – Attorneys' Eyes Only."

12.     Any party who seeks to make any document or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" a part of the record shall file a motion with the Court seeking an order permitting the documents to be filed under seal.  If the Court should deny any such motion, the parties shall use their best efforts to protect the "Confidential" or "Confidential – Attorneys' Eyes Only" information by redacting or taking other reasonable precautions to preserve the confidentiality of such documents or information.

13.     Nevertheless, any portion of a non-dispositive brief, memorandum, or other document submitted to the Court and designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be filed under seal, unless otherwise ordered by the Court.

14.     No documents which are filed with the court as attachments to a summary judgment or other dispositive motion, or documents which are identified in the joint pretrial order, may be filed under seal unless the proponent seeking protected status of the document(s) meets the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

15.     A Party seeking to seal documents attached to a motion for summary judgment or other dispositive motion filed with the Court, or documents which are identified in the joint pretrial order, shall submit a separate memorandum of points and authorities which presents articulable facts identifying sufficient reasons for non-disclosure to overcome the presumption of public access to dispositive pleadings and attachments.

16.     Any application to seal documents attached to a motion for summary judgment or other dispositive motion, or documents identified in the joint pretrial order, shall be served on opposing counsel together with the documents proposed to be filed under seal.  Opposing counsel shall have fifteen (15) days from service of any application to seal documents attached to a motion

1  for summary judgment or other dispositive motion, or documents identified in the joint pretrial

2  order, in which to file a response.

3       17.   If any party intends to offer into evidence or otherwise disclose any document or

4  information designated "Confidential" or "Confidential – Attorneys' Eyes Only" during any hearing

5  in this matter, counsel for the proponent shall give reasonable notice of such intention to the party

6  that designated the document or information as "Confidential" or "Confidential – Attorneys' Eyes

7  Only," who may take such steps as are reasonable necessary and approved by the Court to preserve

8  the confidentiality of such document or information.

9       18.   This Stipulated Protective Order shall remain in full force and effect until modified,

10  superseded, or terminated by consent of the parties or by order of the Court and shall survive the

11  termination of this action.

12       19.   Nothing herein shall impose any confidentiality obligation upon information which

13  (a) was in the public domain or (b) was obtained from a third party by the Producing Party without

14  any breach by either the third party or the Producing Party of any duty or obligation on its part, or

15  (c) already was in the possession of the party to which it was produced in the form in which it was

16  produced.

17       20.   Except as otherwise agreed in writing by the Producing Party, at the conclusion of

18  this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the

19  merits, all material which has been designated as "Confidential" or "Attorneys' Eyes Only" and

20  which is still the subject of the protections afforded herein, and all copies thereof, produced by any

21  party in this action or otherwise obtained from any party through discovery in this action shall be

22  promptly returned to the Producing Party, or, at the written request of the Producing Party,

23  destroyed.   The Producing Party shall bear the return cost (whether via mail or courier) of

24  information or documents designated "Confidential" or "Attorneys' Eyes Only."   Each party

25  producing material which has been designated as "Confidential" or "Confidential - Attorneys' Eyes

26  Only" will retain one set of such materials produced by it for a period of at least two (2) years

27  following the conclusion of this action and any appeals arising therefrom.   Thereafter, such

28  Producing Party may dispose of such retained materials in the ordinary course of business as part of

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966

its routine document disposal procedure. Notwithstanding the foregoing, counsel for the respective Parties may retain one copy of the materials designated "Confidential" and "Confidential - Attorneys' Eyes Only" in his or her stored files for archival purposes, but may not further use or disseminate such materials.

21. For the purposes of this Stipulated Protective Order only, the Parties and anyone signing a form of the Confidentiality Order attached hereto as Exhibit A agree to be subject to the jurisdiction of the Court and to be bound by the terms of this Stipulated Protective Order.

22. All objections as to admissibility into evidence of the documents or information designated "Confidential" or "Confidential – Attorneys' Eyes Only" and subject to this Stipulated Protective Order are reserved until hearing in this case.

23. This Stipulated Protective Order shall survive the final conclusion of this action, subject to the terms of this Stipulated Protective Order and shall continue in full force and effect.

24. The parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, this Stipulated Protective Order shall be valid and binding as if all parties had executed the same original.

Respectfully submitted this 19th day of June, 2012.

McDONALD CARANO WILSON LLP          LAW OFFICES OF RAFFI A. NAHABEDIAN

By: ___*/s/ Andrew P. Gordon*___                By: ___*/s/ Raffi A. Nahabedian*___
ANDREW P. GORDON, ESQ. (#3421)         RAFFI A. NAHABEDIAN, ESQ. (#9347)
2300 W. Sahara Avenue, Suite 1000          7408 DOE AVENUE
Las Vegas, Nevada 89102                            Las Vegas, Nevada 89117
*Attorneys for Todd English, Simon Todd,*     *Attorneys for Kelley Jones*
*LLC dba Todd English P.U.B., and Todd*
*English Enterprises, LLC*

**<u>ORDER</u>**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
Dated:"Lwn["7."4234

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE, SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

**APPENDIX "A"**
**CONFIDENTIALITY AGREEMENT**

I, _____, affirm that I have read the foregoing Stipulation and Protective Order concerning the Production and Use of Confidential Information Documents ("Stipulation and Protective Order") entered in *Jones v. English, et al.*, Case No. 2:11-cv-01893-JCM-PAL currently pending before the United States District Court of Nevada, and I agree to be bound by its terms and conditions.  I understand that, pursuant to the Stipulation and Protective Order, I may not and I undertake not to divulge any information or documents (or the contents thereof) designated "Confidential" or "Confidential – Attorneys' Eyes Only" except in accordance with the terms of the Stipulation and Protective Order.  I will not use such information or documents (or the information contained in them) for any purpose other than as permitted under the Stipulation and Protective Order.

I hereby affirm under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this___ day of _____, 2012.


_____
Signature

_____
Printed name

253738